MICHAEL C. AND KATHRYN LYTLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lytle v. Commissioner
Docket No. 17799-90
United States Tax Court
T.C. Memo 1992-461; 1992 Tax Ct. Memo LEXIS 492; 64 T.C.M. (CCH) 493; August 17, 1992, Filed *492 Decision will be entered for respondent. P was self-employed as a fisherman during 1985 and 1986. During each year he deposited a substantial portion of his net profits from his fishing business into a capital construction fund established pursuant to sec. 607 of the Merchant Marine Act, 1936, 46 U.S.C. sec. 1177 (1976). Held: P is not entitled to reduce his net earnings from self-employment by the amount deposited into the capital construction fund. Eades v. Commissioner, 79 T.C. 985 (1982), followed. Held further, the result herein will not impose double taxation of earnings from self-employment in the year in which the contributions to the capital construction fund are withdrawn and included in P's gross income. For Petitioners: Martin Silver. For Respondent: John Altman. BUCKLEY
BUCKLEY
MEMORANDUM FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This fully stipulated case was assigned pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180, 181 and 182. Respondent determined deficiencies in petitioners' 1985 and 1986 Federal income taxes in the amounts of $ 3,988 and $ 2,088 respectively. The only issue for decision is *493 whether petitioner Michael C. Lytle's net earnings as a commercial fisherman for purposes of self-employment tax should be computed after deducting sums contributed to a capital construction fund account. FINDINGS OF FACT From the parties' stipulations, together with exhibits identified therein, all of which are incorporated herein by reference, we find the following facts. Petitioners resided at Hoquiam, Washington, when they timely filed their petition herein. Petitioner Michael C. Lytle (hereafter petitioner) was a self-employed commercial fisherman. The items of income and deductions related to that activity are reported on Schedule C of petitioners' joint 1985 and 1986 returns. Petitioners entered into an agreement dated October 28, 1985, with the Secretary of Commerce to establish a capital construction fund under section *494 607 of the Merchant Marine Act, 1936, 46 U.S.C. sec. 1177 (1976), hereafter referred to as MMA. On Schedule C of their 1985 and 1986 joint returns, petitioners claimed as deductions under the category "Other Expenses" amounts they deposited into the capital construction fund during each year. These deductions totaled $ 33,800 and $ 18,684 for 1985 and 1986, respectively. Net profit from the fishing activity was shown on Schedule C as $ 4,751 in 1985 and a net loss of $ 1,711 for 1986. Petitioners filed a Schedule SE for 1985 reflecting self-employment income of $ 4,751. They did not file a Schedule SE for 1986, apparently because their Schedule C indicated a loss. In her notice of deficiency, respondent stated as follows: The government's position that capital construction fund deposits may not be used to reduce net earnings from self employment for the computation of self employment tax is supported by Revenue Ruling 79-413, 1979-2 C.B. 309 and the Tax Court's decision in Floyd H. Eades and Faye Eades v. Commissioner, 79 TC 985. The Tax Court held that Eades, a self-employed fisherman in 1977, could not reduce his net *495 earnings from self employment by the amount (his entire profit) deposited into a capital construction fund which had been established pursuant to section 607 of the Merchant Marine Act, 1936. Petitioners contend on brief that Congress intended to exempt from all Federal taxes, including self-employment taxes, contributions made to a capital construction fund established pursuant to section 607 of the MMA. In support of their contention, petitioners rely upon language appearing in section 607(f) of the MMA to the effect that earnings deposited into such funds are "exempt from all Federal taxes." Petitioners acknowledge that we have held to the contrary in Eades v. Commissioner, 79 T.C. 985 (1982), but ask us to reconsider our opinion therein. OPINION We have previously considered the same arguments made by petitioners herein in Eades v. Commissioner, supra. In Eades we set forth the history of section 607 of the MMA and its effect upon section 1402 and concluded as follows: Section 607(d)(1)(A) of the MMA provides that "taxable income" shall be reduced by the amount of the taxable income deposited in the capital construction fund *496 for the taxable year. Pursuant to section 1401, a tax is imposed on the self-employment income of every individual. Section 1402(b) defines the term "self-employment income" as the "net earnings from self-employment," which is defined as follows under section 1402(a): The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business * * * Respondent maintains that petitioner's deposits into the capital construction fund do not reduce his earnings from self-employment because section 607(d)(1)(A) of the MMA only provides for a reduction of "taxable income" as that term is used in chapter 1 of subtitle A of the Internal Revenue Code of 1954. * * * * * * Respondent's position is supported by the clear language of section 607(d)(1)(A) of the MMA. It provides that amounts deposited into a capital construction fund shall reduce taxable income. We are convinced that Congress was referring to taxable income as that term is defined under chapter 1 of subtitle A of the Internal Revenue Code of 1954. *497 Section 607(b)(1)(A) of the MMA specifically provides that taxable income, with certain modifications, is to be computed as provided in chapter 1 of the Internal Revenue Code of 1954. Under section 607(d)(1)(A) of the MMA, a parenthetical reference specifies that taxable income as used in that subsection is to be "determined without regard to this section," that is, section 607 of the MMA. Obviously, this reference means that Congress intended taxable income for purposes of section 607(d)(1)(A) to be determined under chapter 1 of the Internal Revenue Code of 1954. This conclusion is inescapable in light of the reference to chapter 1 contained in section 607(b)(1)(A) of the MMA. The Internal Revenue Code of 1954 defines "taxable income" for individuals as the adjusted gross income less the excess itemized deductions and the deduction for personal exemptions. Sec. 63(b). On the other hand, section 1402(a) defines net earnings from self-employment as the gross income derived by an individual from any trade or business less the deductions allowed by subtitle A which are to such trade or business. Consequently, the literal language of section 607(d)(1)(A) of the MMA does not *498 allow petitioner to reduce his net earnings from self-employment by the amount that he deposited into the capital construction fund for the year in issue. [Eades v. Commissioner, supra at 986, 991; emphasis added; fn. refs. omitted.] Petitioners argue that the legislative intent of Congress in enacting the MMA indicates that it was not intended that any tax be imposed upon income "shielded" by the capital construction deposits. We do not agree. As we stated in Eades v. Commissioner, supra at 992: We have carefully considered the legislative history of the Merchant Marine Act of 1970, supra, however, and find it unlikely that Congress ever considered whether deposits into a capital construction fund established pursuant to section 607 of the MMA should be subject to the self-employment tax. When Congress originally enacted the MMA, the self-employment tax did not even exist. The self-employment tax was enacted pursuant to the Social Security Act Amendments of 1950, ch. 809. 64 Stat. 477, 1950-2 C.B. 217. Congress enacted the self-employment tax in order to extend social security coverage to self-employed *499 individuals. See generally H. Rept. 1300, 81st Cong., 1st Sess. (1949), 1950-2 C.B. 255; S. Rept. 1669, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 302. "In the interests of simplicity for taxpayers and economy in administration," the Senate Finance Committee report states that the self-employment tax should be administered in all particulars as an integral part of the income tax. S. Rept. 1669, supra at 153, 1950-2 C.B. at 353. Although the self-employment tax is generally considered an income tax and the legislative history of the Merchant Marine Act of 1970, supra, does state that Congress intended to defer the imposition of "income taxes" on earnings deposited into a capital construction fund, we do not believe that Congress ever intended the deferral provided by section 607 of the MMA to apply to the self-employment tax. [Fn. ref. omitted.] Lastly, petitioners argue that a necessary result from our abiding by the holding in Eades is that the contributions to the capital construction fund will, upon withdrawal, represent ordinary income to petitioner and "will, in all events, be subject to self-employment tax a second *500 time upon withdrawal." We do not agree. Section 1401 imposes a tax "for each taxable year, on the self-employment income of every individual, a tax equal to the following percent of the amount of the self-employment income for such taxable year:". (Emphasis added.) It does not follow that the deferral of income tax and its consequent inclusion in gross income in a later year will result in a similar inclusion of the deferred amount in the later year for purposes of self-employment income. That figure is reached only by the computation of self-employment income earned for such taxable year, and does not, by definition, include deferral amounts. The threat of double taxation set forth by petitioners is a nonexistent threat under our decision in Eades and our opinion herein. Accordingly, we hold for respondent. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years at issue, unless otherwise indicated; Rule references are to the Tax Court Rules of Practice and Procedure.↩